IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                          Case Number 3:16cr7/MCR

DANIEL LEROY ARD
_____/

## FACTUAL BASIS FOR GUILTY PLEA

This statement of facts is submitted on behalf of the undersigned parties. All parties agree that if the above-captioned case were to go to trial, the government could produce competent, substantial evidence of the following facts to prove the defendant is guilty of the offense charged in the Indictment to which the defendant is pleading guilty. The parties further agree that not all of the facts known from or related to this investigation are contained in this brief summary.

## STATEMENT OF FACTS

In April 2015, the North Florida Internet Crimes Against Children taskforce conducted an undercover operation to identify persons using Gnutella, a peer to peer network on the internet, to traffic and/or to distribute images of child pornography in the Northern District of Florida. Gnutella is a program that is free to download and is used for the exchange of Torrent files between

1



computer users.

Between April 20, 2015, and April 21, 2015, a detective with the Pensacola Police Department confirmed through the use of Internet Crimes Against Children (ICAC) software that a computer utilizing a particular IP address, was repeatedly in possession of "confirmed" or "notable" images of child pornography:

```
IP address:    68.106.204.197
IP location:   Pensacola, Florida
Time Frame:    04/20/15 - 04/21/15
```

During the course of the investigation, records were obtained from Cox Communications to identify the subscriber information for the user of IP address 68.106.204.197. Cox Communications identified the IP address was assigned to the defendant's address in Pensacola, Florida.

On May 28, 2015, a federal search warrant was issued to search the defendant's residence. On May 28, 2015, the search warrant was executed, and agents discovered the defendant, his wife, and their two minor children living at the residence. A search of the residence revealed numerous hard drives, several laptop computers, and other electronic devices. The defendant's wife was interviewed, and she denied searching for child pornography. Post *Miranda*, the defendant told agents he has college education as a computer technician. The defendant said the

2

only working computer was a HP laptop located next to the couch. The only users of the HP laptop were the defendant and his wife. The defendant told agents he was familiar with and had downloaded Torrent files. Initially, he denied viewing child pornography, but after further discussion, acknowledged he viewed child pornography on the internet. He was shown a list of child pornography video file names that were downloaded by a computer at his residence. The defendant read the list and sat in silence, and then acknowledged he recognized some of the file names. He was shown four screen shots from child pornography videos, which were downloaded from his residence, and he recognized one of the images.

A forensic review of the items seized from the residence revealed a number of videos and images of child pornography in allocated[1] and unallocated space. In addition, child pornography search terms (preteen, 13yo, pthc, pedo bear) were found on the hard drives with reported dates between June 14, 2014, and May 26, 2015. Between the HP laptop and numerous hard drives, approximately 87 videos and 4257 pictures containing child pornography were located in unallocated space. The child pornography files were received from the internet and, therefore, were transported in interstate or foreign commerce.

---

1 Approximately 82 child pornography videos were recovered in the computer's recycle bin. These files were marked for deletion with dates ranging between January 12, 2015, and May 7, 2015.

## Elements of the Offense

*Count One* - ECCA Pattern Jury Instruction 83.4A

1. the Defendant knowingly received an item or items of child pornography;

2. the item[s] of child pornography had been [transported] [shipped] [mailed] in interstate or foreign commerce, including by computer; and

3. when the Defendant received the item[s], the Defendant believed the item[s] were child pornography.

CHRISTOPHER P. CANVOA
United States Attorney

_____
THOMAS S. KEITH
Attorney for Defendant

6/15/16
Date

_____
JEFFREY M. THARP
Assistant U.S. Attorney
Northern District of Florida
Florida Bar No. 45066
21 East Garden Street, Suite
Pensacola, Florida 32502
(850) 444-4000

6/15/16
Date

_____
DANIEL LEROY ARD
Defendant

6-15-16
Date

4